UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOROTHY MARIE WHEELER           CIVIL ACTION NO. 11-cv-1670

VERSUS           JUDGE S. MAURICE HICKS

GLAY H. COLLIER, II           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

      Before the Court is a Motion for Summary Judgment filed by the Plaintiff, Dorothy Marie Wheeler (hereafter referred to as Wheeler or Plaintiff), pursuant to Federal Rule of Civil Procedure 56. [Record Document 94]. Plaintiff's claims against Glay H. Collier ("Collier"), Thomas C. McBride ("McBride"), and the law partnership McBride & Collier ("firm") (hereafter collectively referred to as Defendants) arise from the Defendants' representation of her in a Chapter 7 Bankruptcy proceeding. Specifically, the claims arise from the Defendants' collection of fees and charges related to the bankruptcy filing. Plaintiff contends that she is entitled to summary judgment against the Defendants for: (1) Defendants' failure to execute a statutorily required contract with the Plaintiff in violation of 11 USC § 528(a)(1)&(2); (2) Defendants' violation of the automatic stay provision of the Bankruptcy Code, 11 USC §362(a)(6); and Defendants' violation of the bankruptcy discharge injunction, 11 USC § 524(a)(2). Defendants oppose Plaintiff's Motion for Summary Judgment, claiming that there are numerous legal questions to be answered before getting to the factual bases of the Plaintiff's claims, including whether Wheeler was unjustly enriched by the services provided by Defendants.

      For the following reasons, the Plaintiff's Motion for Summary Judgment [Record Document 94] is hereby **GRANTED in part and DEFERRED in part**.

**BACKGROUND**

The instant lawsuit arises out of the representation by the Defendants of the Plaintiff regarding her Chapter 7 Bankruptcy. Defendants Thomas C. McBride and Glay H. Collier are currently Louisiana licensed attorneys, who at all times pertinent to this case were engaged in a law practice primarily representing individuals in consumer bankruptcies through their Louisiana general partnership, the law firm of McBride & Collier.

Wheeler had an initial meeting with Collier in the firm's Shreveport office to discuss filing a consumer bankruptcy. During this initial meeting the firm, through Collier, required Wheeler to execute a document entitled "Credit/Debit Authorization Form." The form was blank at the time that Wheeler signed it; a copy was not provided to her. Wheeler was also required to execute a document entitled "Rights and Duties of Filing a Bankruptcy with the Firm of McBride & Collier." Again, no copy was provided to her.

Under *The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (BAPCPA), Wheeler is defined as an "assisted person" because her debts are all consumer debts and her nonexempt property is valued at less than $175,500.00. Under the Bankruptcy Code, Collier and the firm are defined as providers of "bankruptcy assistance" because they provided bankruptcy services to Wheeler, including providing information, advice, counsel, document preparation, filing, attendance at the creditors meeting in her bankruptcy case. Further, under BAPCPA, the Defendants are defined as a "debt relief agency" because they provided "bankruptcy assistance" to Wheeler, an "assisted person," for money in the form of attorney's fees.

The undisputed facts in the instant matter prove that the Defendants served as counsel to Wheeler, but failed to have Wheeler properly execute the statutorily required

contract, describing the bankruptcy services to be provided, the fees and charges for their services, and the terms of payment, all as required by 11 USC § 528(a)(1). McBride and Collier further failed to provide a copy of the document to Wheeler as statutorily required.

Collier, on behalf of the firm, filed Wheeler's Chapter 7 bankruptcy petition on June 12, 2010, and she received her discharge in bankruptcy on October 4, 2010. The firm collected a total of $1,300.00 from Wheeler for fees and charges for bankruptcy assistance by electronically debiting her bank account. Prior to the filing of Wheeler's bankruptcy petition $100.00 was debited from her account, an additional $800.00 was debited after the filing of the petition, but prior to her discharge, and another $400.00 was debited after Wheeler received her discharge in bankruptcy. Defendants admit that Wheeler did not reaffirm any of the alleged debts (or claims) to the firm post-discharge. (See Record Document 94-7).

## LAW AND ANALYSIS

**I.    Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also,

Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995).  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential.  Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996).  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047.  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  McCallum Highlands v. Washington

Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995).  Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).  When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996).  If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted."  Id., Little, 37 F.3d at 1076.

## II.  Failure to Comply with 11 USC § 526(c)(2)

Wheeler's first claim against the Defendants is for failure to comply with the "Requirements of Debt Relief Agents" provision of BAPCPA, 11 USC § 528. That provision provides the following specific conditions for all debt relief agencies:

> (a) A debt relief agency shall –
>     (1) Not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person, that explains clearly and conspicuously –
>         (A) The services such agency will provide to such assisted person; and
>         (B) The fees or charges for such services, and the terms of payment;
>     (2) Provide the assisted person with a copy of the fully executed and completed contract.

In Milavez, Gallop & Milavetz, PA, et al v. United States of America, the Court held that attorneys who provide bankruptcy assistance to assisted person are "debt relief agencies" within the meaning of the BAPCPA. See Milavez, Gallop & Milavetz, PA, et al v. United States, 130 S.Ct. 1324, 1328 (2009). Therefore, the Defendants were required to comply with these provisions of the law in all cases, including the pendency of Wheeler's

Chapter 7 bankruptcy.

Here, Wheeler claims that the Defendants violated the law by: (1) requiring her to sign a blank Credit/Debt Authorization Form, rather than a form which detailed the fees or charges for services and the terms of payment, in violation of (a)(1)(B), and (2) not providing her a copy of the form as required under (a)(2). Wheeler further claims that she is entitled to damages in accordance with 11 USC § 526(c)(2), which states, "Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing..." (Emphasis added).

Because 11 USC § 526(c)(2) statutorily requires that a hearing take place prior to any determination by the Court regarding whether the assisted person should be entitled to damages for a violation of 11 USC § 528, the Court declines to determine, at this juncture, if a violation(s) occurred and whether damages should be further imposed. The Court notes the lack of any case law which provides for a factual finding by the Court before a hearing, which the plain language of the statute requires. Therefore, Plaintiff's Motion for Summary Judgment on her Section 526 and 528 claims is **DEFERRED** until a hearing is held pursuant to 11 USC § 526(c)(2).

### III. Violation of the Automatic Stay Provision of 11 USC § 362(a)(6)

The second violation that Wheeler alleges that the Defendants committed was a violation of the Automatic Stay Provision provided in 11 USC § 362(a)(6), which states:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section

> 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of – (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

This provision provides no exception to discharge in bankruptcy for debts created by pre-petition agreements to pay attorney fees.

Defendants argue that Section 362(a)(6) does not apply to the case at hand because the fee in dispute was not a "claim." The term "claim" is defined under Bankruptcy Code as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured..." Defendants' state that their right to payment is not a "claim" in the usual sense of the term as requiring the filing of a proof of claim, but the right to payment.

The issue here is similar to that in <u>Allan J. Rittenhouse v. Saul Eisen, U.S. Trustee</u>; 404 F.3d 395 (Sixth Cir. 2005), where the plaintiff brought action to prohibit the collection of pre-petition attorney fees for Chapter 7 representation. The Sixth Circuit held that the Bankruptcy Code provided no exception that made the pre-petition attorney fees of the debtor excepted from discharge. <u>Id</u>.

In this instance, the Court finds that there is no issue or dispute of fact regarding whether a stay was in place at the time the Defendants' withdrew the money from Wheeler's bank account, nor is there an issue of fact regarding whether the Defendants' violated the automatic stay provision of Section 362(a)(6). The money was withdrawn; §362(a)(6) was violated by Defendants. The pre-petition Credit/Debit Authorization agreement in this matter clearly failed to comply with the Section 528 requirements, and is therefore, void pursuant to Section 526(c)(1). Further, the Defendants provided no

evidence indicating that Wheeler ever authorized the firm to debit money from her bank account post-petition, nor is there any evidence indicating voluntariness of payments debited post-petition. Therefore, Plaintiff's Motion for Summary Judgment regarding Defendants' violation of the Automatic Stay Provision provided in 11 USC § 362(a)(6) is **GRANTED**.

### IV. Violation of the Discharge Injunction under 11 USC §524(a)(2)

Wheeler's next cause of action against the Defendants is for violation of the discharge injunction under 11 USC § 524(a)(2). This provision of the Bankruptcy Code provides that "A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." The issue in the instant case is whether a violation of this provision occurred when the Defendants, relying on the now void Credit/ Debit Authorization Form, withdrew money from Wheeler's bank account after she was discharged.

The Defendants argue that no private right of action exists for this type of violation. The Plaintiff agrees that no specific private right of action has been granted for this time of violation. However, Plaintiff provides citations to two bankruptcy court cases within the Fifth Circuit in which the courts rely upon the Court's contempt power through §105(a) of the Bankruptcy Code to enforce this section against a creditor of the debtor. See In re Walker, 180 B.R. 834 (W.D. La. 1995) (The court found the defendants violated the discharge injunction and awarded actual damages, punitive damages, reasonable attorney fees, and

8

costs using §105(a)); see also McClure v. Bank of America, et al., 420 B.R. 655 (N.D. Tex. 2009) (The court found a willful violation of the discharge injunction when the Defendants continued collection actions. The court awarded actual damages, attorney fees and expenses pursuant to its authority under §105(a)). Additionally, Wheeler provides a citation to a pair of cases from the Ninth Circuit. In Walls v. Wells Fargo Bank, NA, a national class action was brought against Wells Fargo for a violation of the discharge injunction. Walls v. Wells Fargo Bank, NA, F.3d 502 (9th Cir. 2002). There, the Court declined to extend the use of §105(a) as a vehicle to provide a private right of action as a remedy for a violation of the discharge injunction. Seven months after that decision, however, the Ninth Circuit affirmed a lower court's use of §105(a) to enforce a violation of the discharge injunction under §524(a)(2) by a creditor. As the Plaintiff points out, it appears that the difference is whether the case is a class action or not.

In the instant matter, the Court adopts the rationale and reasoning used in In re Walker, McClure, and Walls, *supra*. It is undisputed that Wheeler did not authorize the Defendants to debit money from her bank account after the discharge injunction was signed by the Bankruptcy Judge. This Court is unpersuaded by the Defendants' specious argument that Wheeler voluntarily made the payments to Defendants post-bankruptcy. Rather, it is clear from Wheeler's deposition that she was talking about her voluntariness to sign the Credit Debit Form **prior to** the filing of bankruptcy, not voluntary allowing the subsequent debits from her account by McBride and Collier. (Rec. Doc. 96 at 7). Further, the Court finds that Wheeler, unlike the Defendants (who are attorneys wholly focused in bankruptcy practice) had little knowledge of her rights following the filing of bankruptcy. This Court finds that the Defendants, through creating a "No Money Down Chapter 7

Bankruptcy" (as advertised heavily on local cable television) in an effort to get a leg up on their competition for clients, blatantly disregarded the strictures of the Bankruptcy Code.

This Court, through its oversight of the Bankruptcy Court in the Western District of Louisiana, has the authority to apply its contempt power to this case under §105(a). The Court after a hearing on this matter will determine whether to apply its contempt power to the Defendants under these factual circumstances. Therefore, the Plaintiff's Motion for Summary Judgment regarding 11 USC §524(a)(2) through the use of §105(a) is hereby **DEFERRED**.

V.   Who is Liable to Wheeler and In What Amount

The Court will hold a hearing on the liability issue at a later date.

## CONCLUSION

The Court finds: (1) a hearing is necessary to determine if Defendants failed to comply with the statutory provisions of 11 USC § 528(a)(1)&(2); (2) Defendants violated the automatic stay provision of 11 USC § 362(a)(6); and (3) a hearing is needed to determine if Defendants violated the discharge injunction under 11 USC §524(a)(2). The Court further finds that a hearing is necessary to determine the amounts that Defendant Glay H. Collier II and the partnership of McBride & Collier and its individual partners are liable to the Plaintiff for these violations.

An order shall be issued accordingly.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 22nd day of May, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE