# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DOROTHY MARIE WHEELER | CIVIL ACTION NO. 11-cv-1670 |
| VERSUS | JUDGE S. MAURICE HICKS |
| GLAY H. COLLIER, II | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by the Defendants, Glay H. Collier ("Collier"), Thomas C. McBride ("McBride"), and McBride & Collier ("firm") (hereafter collectively referred to as Defendants) pursuant to Federal Rule of Civil Procedure 56. Plaintiff, Dorothy Wheeler filed this civil suit against the Defendants for claims stemming from their actions during her Chapter 7 Bankruptcy proceeding. Specifically, the claims arise from the Defendants' collection of attorney's fees and charges related to the bankruptcy filing. Plaintiff has also filed a Motion for Summary Judgment on similar grounds. The Court treats both motions as cross-motions for summary judgment. Defendants contend that they are entitled to Summary Judgment on the following claims: (1) Wheeler's Section 362 claim because she suffered no "actual damages"; (2) Wheeler's claim for punitive damages in the Section 632 claim; (3) Wheeler's discharge injunction claim because no private right of action exists under Section 524 or 105; (4) Wheeler's discharge injunction claims because the payments were voluntary as permitted under Section 524(f); and Wheeler's La. C.C. art 2299 claim of Defendants violation of the bankruptcy discharge injunction under 11 USC § 524(a)(2). Defendants oppose Plaintiff's Motion for Summary Judgment, claiming that there are numerous legal questions to be answered before getting to the factual bases of the Plaintiff's claims, including whether

Wheeler was unjustly enriched by the services provided by Defendants. Defendants place the cart before the horse. Facts dictate the applicability of certain laws.

For the following reasons, the Plaintiff's Motion for Summary Judgment [Record Document 97] is hereby **MOOT in part, DEFERRED in part, DENIED in part, and GRANTED in part**.

## BACKGROUND

The instant lawsuit arises out of the representation by the Defendants of the Plaintiff regarding her Chapter 7 Bankruptcy. Defendants Thomas C. McBride and Glay H. Collier are currently Louisiana licensed attorneys, who at all times pertinent to this case were engaged in a law practice primarily representing individuals in consumer bankruptcies through their Louisiana general partnership, the law firm of McBride & Collier.

Wheeler had an initial meeting with Collier in the firm's Shreveport office to discuss filing a consumer bankruptcy. During this initial meeting the firm, through Collier, required Wheeler to execute a document entitled "Credit/Debit Authorization Form." The form was blank at the time that Wheeler signed it; a copy was not provided to her. Wheeler was also required to execute a document entitled "Rights and Duties of Filing a Bankruptcy with the Firm of McBride & Collier." Again, no copy was provided to her.

Under *The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (BAPCPA), Wheeler is defined as an "assisted person" because her debts are all consumer debts and her nonexempt property is valued at less than $175,500.00. Under the Bankruptcy Code, Collier and the firm are defined as providers of "bankruptcy assistance" because they provided bankruptcy services to Wheeler, including providing information,

advice, counsel, document preparation, filing, attendance at the creditors meeting in her bankruptcy case. Further, under BAPCPA, the Defendants are defined as a "debt relief agency" because they provided "bankruptcy assistance" to Wheeler, an "assisted person," for money in the form of attorney's fees.

The undisputed facts in the instant matter prove that the Defendants served as counsel to Wheeler, but failed to have Wheeler properly execute the statutorily required contract, describing the bankruptcy services to be provided, the fees and charges for their services, and the terms of payment, all as required by 11 USC § 528(a)(1). McBride and Collier further failed to provide a copy of the document to Wheeler as statutorily required.

Collier, on behalf of the firm, filed Wheeler's Chapter 7 bankruptcy petition on June 12, 2010, and she received her discharge in bankruptcy on October 4, 2010. The firm collected a total of $1,300.00 from Wheeler for fees and charges for bankruptcy assistance by electronically debiting her bank account. Prior to the filing of Wheeler's bankruptcy petition $100.00 was debited from her account, an additional $800.00 was debited after the filing of the petition, but prior to her discharge, and another $400.00 was debited after Wheeler received her discharge in bankruptcy. Defendants admit that Wheeler did not reaffirm any of the alleged debts (or claims) to the firm post-discharge. (See Record Document 94-7).

## LAW AND ANALYSIS

**I.    Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New

York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.

4

Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In the instant matter, the material facts are not in dispute. Defendants attempt to "spin" legal conclusions and interpretations of these facts. However, Defendants' stretched interpretations of legal effects flowing from these undisputed facts are without merit.

**II. Wheeler's Section 362 claim**

The Court previously granted the Motion for Summary Judgment on this issue in favor of the Plaintiff. See Record Document 103. Therefore, this claim is **MOOT**.

**III. Private Right of Action under Section 524 and 105**

For the reasons more fully explained in the Court's Memorandum Order in response

to the Plaintiff's Motion for Summary Judgment, the Court has authority to apply its contempt power to this case under §105(a). The Court, after a hearing on this matter, will determine whether to apply its contempt power to the Defendants under these factual circumstances. Therefore, the Plaintiff's Motion for Summary Judgment regarding 11 USC §524(a)(2) through the use of §105(a) is hereby **DEFERRED**.

### IV. Voluntariness of Payments by Plaintiff

As discussed in detail in the Court's Memorandum Order in response to the Plaintiff's Motion for Summary Judgment, the Defendants provide zero proof that Plaintiff ever voluntarily agreed to pay the Defendants post-petition and post-discharge, other than the now void Credit/Debit Authorization form.

This Court finds absolutely no merit in the Defendants' argument that her payments were voluntary. Wheeler stated in her deposition that she intended to pay for Collier's services when she originally contacted the firm and initially met with Collier. (See Record Document 97-1 at p.17-18). The voluntariness of post-petition payments at issue here has nothing to do with Wheeler's intent at the time of her initial consultation with the firm. Rather, the voluntariness issue would be in question only if Wheeler made an effort to pay the firm after the effective date of the temporary stay or after the discharge injunction had been entered. The Defendants provide no evidence that Wheeler made any effort to pay any fees post-petition. Instead they attempt to rely on their own void and invalid Credit/Debit Form to continue to withdraw funds from Plaintiff's bank account in violation of the Bankruptcy Code. Therefore, the Defendants' Motion for Summary Judgment on the post-petition and post-discharge attorney's fee payments being voluntary is **DENIED**.

**V. State Law Unjust Enrichment Claim**

The Plaintiff concedes her Louisiana state unjust enrichment claim. Therefore, the Defendant's Motion for Summary Judgment on the state law unjust enrichment claim is **GRANTED**.

### CONCLUSION

Based on the foregoing reasons, this Court finds: (1) the Defendants' Motion for Summary Judgment for violation of 11 USC § 362 is **MOOT**; (2) the Defendants' Motion for Summary Judgment for violation of 11 USC § 524 is **DEFERRED**; (3) the Defendants' Motion for Summary Judgment regarding the Plaintiff's voluntariness of post-petition and post-discharge payments is **DENIED**; and (4) the Defendants' Motion for Summary Judgment regarding the Plaintiff's state law unjust enrichment claim is **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 22nd day of May, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE